CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 10, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AHMAD PRICE, | ) |
| Plaintiff, | ) Case No. 7:24-cv-00495 |
| v. | ) **MEMORANDUM OPINION** |
| SEARGEANT M. HUBBARD *et al.*, | ) By:   Hon. Thomas T. Cullen |
| Defendants. | )        United States District Judge |

Plaintiff Ahmad Price ("Plaintiff"), proceeding *pro se*, filed a civil-rights action under 42 U.S.C. § 1983 against various corrections officials at Red Onion State Prison. (*See* Compl. [ECF No. 1].) Along with his complaint, Plaintiff filed a motion for preliminary injunction asking the Court to "order Defendants to Transfer Plaintiff to Sussex I for his own safety." (Pl.'s Mot. for Prelim. Inj. [ECF No. 3].) For the following reasons, the Court will deny Plaintiff's motion.

## I.   BACKGROUND

Plaintiff alleges that, while he was incarcerated at Red Onion State Prison ("ROSP"), six ROSP officials—some identified and some unidentified—violated his rights under the First and Eighth Amendments of the Constitution of the United States. (*See* Compl. 1–4.) Plaintiff first claims that Defendant Sergeant M. Hubbard grabbed him, hit him, threatened him, fabricated a charge against him, and denied him a hearing. (*Id.* at 2.) Next, he claims Defendant Sergeant Jones "did not intervene during Hubbard's attack" and thereby violated the Eighth Amendment and state tort law. (*Id.*) Third, Plaintiff claims that two unidentified officers, "SRT Officer #1" and "SRT Officer #2," falsely accused Plaintiff of possessing a

weapon in retaliation for Plaintiff's complaints against Defendant Hubbard. (*Id.* at 3.) Plaintiff further claims that an unidentified "Hearing Officer" "violated Plaintiff's First (1) Amendment right [by] their actions during and after Plaintiff's hearing." (*Id.*) Finally, Plaintiff claims Defendant Christopher King "conspired with Hearing Officer in violation of Plaintiff's First (1) Amendment right," and that "King's actions are part of [a] widespread retaliatory custom in the Western Region of VADOC." (*Id.*) Plaintiff does not provide any further detail regarding his claims.

In his motion for preliminary injunction, Plaintiff states, "Defendants have assaulted Plaintiff and written him several false charges for his complaint." (Pl.'s Mot. for Prelim. Inj. 1.) He further contends that Defendants "have threatened to assault and write more false charges and ship Plaintiff to Wallens Ridge to carry out this assault as is their custom." (*Id.*) Plaintiff represents that he "is under imminent threat by staff in this region . . . that has been articulated to him verbally." (*Id.* at 2.) But Plaintiff does not specify who communicated the threats to him or when. Based on his concerns, Plaintiff asks the Court to transfer him from his current place of incarceration[1] to Sussex I State Prison. (*See id.* at 1.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 65 permits district courts to issue preliminary injunctions, and preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial

---

[1] At the time Plaintiff filed his motion for preliminary injunction, he was incarcerated at ROSP, but Plaintiff was subsequently transferred to Wallens Ridge State Prison. (*See* Notice [ECF No. 8].)

that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that (1) he is likely to succeed on the merits at trial, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). Further, an interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see also In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). And in the context of state prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in

their informed discretion have been accorded 'wide-ranging deference' by the federal courts.") (citations omitted).

### III. ANALYSIS

Plaintiff's motion must be denied because he has not shown a likelihood of success on the merits and because the relief Plaintiff seeks is not appropriate under the circumstances.

### A.

Liberally construing Plaintiff's complaint, he appears to state the following § 1983 claims against Defendants: First Amendment retaliation claims Defendants Hubbard, SRT Officer #1, SRT Officer #2, Hearing Officer, and King; and Eighth Amendment excessive-force claim against Defendant Hubbard; and an Eighth Amendment failure-to-protect claim against Defendant Jones. To warrant preliminary injunctive relief, Plaintiff must show that his constitutional claims are likely to succeed on the merits. *Henderson*, 902 F.3d at 439. But Plaintiff has failed to make such a showing.

"To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendants' conduct." *Shaw v. Foreman*, 59 F.4th 121, 130 (4th Cir. 2023) (citations and internal quotation marks omitted). Here, Plaintiff does not allege in more than a conclusory manner that there was a causal relationship between any of Defendants' actions and his protected First Amendment activity.

With regard to Defendant Hubbard, Plaintiff does not allege that he engaged in any protected activity and does not attempt to show a causal link between any action of his and

any action by Hubbard. (*See* Compl. 2.) He simply states that Hubbard's actions violated the First Amendment. (*Id.*) And with regard to the other Defendants, Plaintiff simply alleges that their actions "were retaliation for Plaintiff's complaints against Hubbard." (*Id.* at 3.) He does not allege, for example, when, to whom, or in what capacity he complained about Hubbard, nor how or whether the other Defendants knew about those complaints. (*Id.*)

His complaint also lacks any meaningful detail concerning the alleged retaliatory conduct by Defendants. (*See id.*) For example, he states that SRT Officers #1 and #2 "falsely accused Plaintiff of possessing a weapon," but he fails to state when or to whom the accusation was made or any facts to support his conclusory allegation that those accusations were retaliatory. (*Id.*) And concerning his claim against the unidentified Hearing Officer, Plaintiff simply states that he "conducted hearing in retaliation for Plaintiff's complaints against Red Onion [and] SRT staff." (*Id.*) Nothing in his complaint shows that the Hearing Officer's actions adversely affected Plaintiff's First Amendment rights.

Finally, Plaintiff's claim against Defendant King is supported only by allegations that King "conspired with Hearing Officer" and that his "actions are part of widespread retaliatory custom." (*Id.*) Again, this claim lacks allegations that King's actions were adverse to Plaintiff or were in response to protected activity that Plaintiff undertook. In short, there are simply not enough factual allegations for the Court to conclude it is likely that any of these Defendants violated Plaintiff's First Amendment rights.

To succeed on an Eighth Amendment excessive-force claim, the plaintiff must plead facts sufficient to satisfy both objective and subjective components of that claim. *Alexander v. Connor*, 105 F.4th 174, 182 (4th Cir. 2024). "The objective component asks whether the force

applied was sufficiently serious to establish a cause of action." *Id.* (quoting *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019)). "The subjective component asks whether the officers against whom the claim is brought acted with a sufficiently culpable state of mind." *Id.* The objective component does not present a high bar and is satisfied by allegations of "nontrivial" force. *Brooks*, 924 F.3d at 112 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (per curiam)). The subjective component, by contrast, "is a demanding standard." *Id.* The requisite state of mind for an excessive-force claim is "wantonness in the infliction of pain." *Id.* (citing *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008)). And to determine whether an officer acted wantonly, the Court must decide "whether force was applied in a good[-]faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (citations omitted).

Plaintiff's complaint lacks factual allegations that show Defendant Hubbard acted with a sufficiently culpable state of mind toward Plaintiff. Plaintiff alleges only that Hubbard "grabbed," "hit," and "threatened" him, but says nothing at all about the circumstances of their interaction; he does not specify where, when, or how these events transpired or allege anything about Hubbard's motivation or state of mind during the incident. (*See* Compl. 2.) Absent such allegations, the Court cannot conclude Plaintiff is likely to succeed on his excessive-force claim against Hubbard.

Success on an Eighth Amendment failure-to-protect claim similarly requires the plaintiff to establish that (1) "the deprivation alleged [is], objectively, sufficiently serious" and (2) the prison official had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the second element, the plaintiff must plead

- 6 -

facts showing the defendant was "deliberately indifferent" to the plaintiff's health and safety. *See id.* (citations omitted). Deliberate difference is "a very high standard." *Danser v. Stansberry*, 772 F.3d 340, 347 (4th Cir. 2014) (citations and internal quotation marks omitted). "A prison official demonstrates deliberate indifference if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Odom*, 349 F.3d at 770). Specifically, to state an Eighth Amendment claim for failure to protect, the plaintiff must allege the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" *and* that he or she actually drew the inference. *Id.*

Even taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff has not shown that his failure-to-protect claim against Defendant Jones is likely to succeed. He has not alleged any facts that would allow the Court to conclude that Jones knew that Hubbard posed a serious risk to Plaintiff's health or safety or that Jones consciously disregarded that risk. Plaintiff merely alleges that Jones "did not intervene." (Compl. 2.) This bare allegation is not enough to satisfy the demanding standard of deliberate indifference. *See Wilkins v. Upton*, 639 F. App'x 941, 944 (4th Cir. 2016) ("Not every injury suffered by a prisoner, however, 'translates into constitutional liability for prison officials.'") (quoting *Farmer*, 511 U.S. at 834);

For these reasons, Plaintiff is unlikely to succeed on the merits of his claims and is therefore not entitled to a preliminary injunction.

**B.**

Additionally, Plaintiff's motion must be denied because he has not shown entitlement to the specific injunctive relief he seeks.

"[S]weeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994) (citations omitted). Indeed, "[t]he realities of running a penal institution are complex and unique to the prison environment," and "the decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts." *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (quoting *Jones v. N.C. Prisoner's Union*, 433 U.S. 119, 126 (1977)). "[A]s long as prison authorities are rationally pursuing a legitimate penological objective, the administrator has the 'last word.'" *Id.* (quoting *Pittman v. Hutto*, 594 F.2d 407, 412 (4th Cir. 1977)); *see also Albritton v. Anderson*, No. 7:22CV00306, 2023 WL 8810809, at *1 (W.D. Va. Dec. 19, 2023) ("Administration of state prisons, including where prisoners are housed, is left to prison administrators who are in the best position to evaluate prisoner needs, including prisoner safety; federal courts give high deference to the placement decisions of state prison officials.").

"Even where there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators." *Taylor*, 34 F.3d at 269 (collecting cases) (noting that even more caution should be shown where there have only been preliminary findings concerning Plaintiff's likelihood of success). As a general matter, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only

where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Id.*

Here, Plaintiff claims only that "Defendant have threatened to assault and write more false charges" against him. (*See* Pl.'s Mot. for Prelim. Inj. 1.) But vague allegations of threats by unidentified individuals do not meet the "heavy burden to justify court interference in matters of prison administration." *Jackson v. Robinson*, No. 7:24-CV-00147, 2024 WL 3331673, at *2 (W.D. Va. July 8, 2024) (noting a vague allegation of a threat by an unnamed individual "is essentially no evidence at all"); *see also Albritton v. Anderson*, No. 7:22CV00306, 2023 WL 8810809, at *1 (W.D. Va. Dec. 19, 2023) (describing allegation that plaintiff is "constantly being threatened and retaliated against with false charges" as "vague, lacking any details regarding who has threatened him, when, where, or with what charges"). Plaintiff has not provided the Court with any information that would justify the extraordinary remedy of its intervention in matters of prison administration. For this reason, too, Plaintiff is not entitled to preliminary injunctive relief.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for preliminary injunction will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 10th day of December, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE